United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROCKY HOLMES,                              No. C 13-1944 WHA (PR)

            Plaintiff,                     **ORDER OF PARTIAL DISMISSAL
                                           AND OF SERVICE**

    v.

DR. M. SEPULVEDA; DR. S.
RHOADS; Dr. GRIM; DR. CLARK;
DR. NISANNI; DR. CAMPBELL,

            Defendants.

_____/

## INTRODUCTION

Plaintiff, a pro se prisoner, filed this case in the United States District Court for the

Eastern District of California ("Eastern District") on November 7, 2011.  Plaintiff brings claims

under 42 U.S.C. 1983 based on inadequate medical care he received at Tehachapi State Prison

and Salinas Valley State Prison.  On April 19, 2013, the Eastern District reviewed the complaint

for the first time and "severed" the claims about plaintiff's medical care at Salinas Valley from

the claims about his care at Tehachapi.  The Eastern District transferred the Salinas Valley

claims to this court for venue reasons, but kept the Tehachapi claims, which were dismissed

with leave to amend.  After a review of the complaint pursuant to 28 U.S.C. 1915A(a), it is

ordered served upon the two defendants at Salinas Valley, Dr. Rhoads and Dr. Sepulveda, and

dismissed as to the remaining defendants.

**ANALYSIS**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

As noted above, the claims against the defendants at Tehachapi, Dr. Grim, Dr. Clark, Cr. Nisanni, are Dr. Campbell, based on the medical care that plaintiff received there were not transferred here, and are presently and properly pending in the Eastern District of California.

2

**United States District Court**
For the Northern District of California

1   Consequently those claims will be dismissed from this action.

2   Plaintiff alleges that when he was transferred from Tehachapi to Salinas Valley in

3   September 2009, he was continuing to suffer a great deal of pain in his right shoulder even after

4   receiving shoulder surgery to repair a torn rotator cuff.  He was seen by Dr. Rhoads upon his

5   arrival at Salinas Valley, and every few months thereafter until February 2011.  He alleges that

6   he informed Dr. Rhoads that the pain medication was not sufficient to alleviate his

7   "debilitating" pain in his right shoulder, but Dr. Rhoads failed to redress that problem.  He

8   alleges that in May 2010, Dr. Rhoads told him that plaintiff would be sent to an orthopedist and

9   given an MRI, but neither was provided to him.  In March 2011, Dr. Sepulveda allegedly denied

10  his request for an MRI and pain medication in an administrative grievance.  According to

11  plaintiff, his medical records showed that an MRI had been recommended by an orthopedist in

12  March 2009 to see if there were further tears in his rotator cuff that had not been addressed in

13  surgery.  When liberally construed, these allegations state cognizable claims against Dr. Rhoads

14  and Dr. Sepulveda for deliberate indifference to his serious medical needs in violation of the

15  Eighth Amendment.

16  <center>**CONCLUSION**</center>

17  For the reasons set out above, Accordingly, it is hereby ordered as follows:

18  1.  The claims against Dr. Grim, Dr. Nassani, Dr. Clark and Dr. Campbell are

19  **DISMISSED**.

20  2.  The clerk shall issue summons and the United States Marshal shall serve, without

21  prepayment of fees, a copy of the complaint (dkt. 1) with all attachments thereto, and a copy of

22  this order upon defendants: **Dr. S. Rhoads and Dr. M. Sepulveda** at **Salinas Valley State**

23  **Prison**.  A courtesy copy of the complaint with attachments and this order shall also be mailed

24  to the California Attorney General's Office.

25  3.  Defendants **shall** file an answer that complies with the Federal Rules of Civil

26  Procedure.

27  4.  In order to expedite the resolution of this case:

28  a.  No later than **91 days** from the date this order is filed, defendants shall file a

<center>3</center>

1  motion for summary judgment or other dispositive motion.  If defendants are of the opinion that

2  this case cannot be resolved by summary judgment, they shall so inform the court prior to the

3  date the summary judgment motion is due.  All papers filed with the court shall be promptly

4  served on the plaintiff.

5         b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

6  court and served upon defendants no later than **28 days** from the date of service of the motion.

7  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to

8  him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and

9  *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

10      If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to

11  exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

12  should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

13  which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.),

14  *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

15         c.  Defendants **shall** file a reply brief no later than **14 days** after the date of

16  service of the opposition.

17         d.  The motion shall be deemed submitted as of the date the reply brief is due.

18  No hearing will be held on the motion unless the court so orders at a later date.

19         e.  Along with their motion, defendants shall proof that they served plaintiff the

20  applicable warning(s) required by *Woods v. Carey*, No. 09-15548, slip op. 7871 (9th Cir. July 6,

21  2012) and/or *Stratton v. Buck*, No. 10-35656, slip op. 11477 (9th Cir. Sept. 19, 2012), at the

22  same time they served him with their motion.  Failure to do so will result in the summary

23  dismissal of their motion without prejudice.

24      4.  All communications by the plaintiff with the court must be served on defendant, or

25  defendant's counsel once counsel has been designated, by mailing a true copy of the document

26  to defendant or defendant's counsel.

27      5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

28  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

required before the parties may conduct discovery.

6.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7.  The motion for access to the law library (dkt. 30) is **GRANTED IN PART**.  Defendants shall allow plaintiff reasonable access to the law library to the extent necessary to honor his right to access the courts pursuant to *Lewis v. Casey*, 518 U.S. 343, 350 (1996).  *See also Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Hebbe v. Pliler*, 627 F.3d 338, 343 (9th Cir. 2010).

IT IS SO ORDERED.

Dated: July _____2_____, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### NOTICE -- WARNING (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

### NOTICE -- WARNING  (EXHAUSTION)

If defendants file a motion to dismiss for failure to exhaust administrative remedies, they are seeking to have your case dismissed.  If the motion is granted it will end your case and there will be no trial.

A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings.  You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.  In considering a motion to dismiss for failure to exhaust administrative remedies, the court can decided disputed factual matters with regard to the exhaustion question.  Because the court can resolve factual disputes, unlike a summary judgment opposition, it is not enough to merely show a genuine issue of material fact in opposition to the motion to dismiss.