United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROCKY HOLMES,

    Plaintiff,

    v.

DR. M. SEPULVEDA, DR. J. RHOADS,

    Defendants.

No. C13-1944 WHA (PR)

**ORDER GRANTING DEFENDANT SEPULVEDA'S MOTION FOR SUMMARY JUDGMENT; DIRECTING MARSHALL TO SERVE DEFENDANT RHOADS; SCHEDULING DISPOSITIVE MOTION**

(Dkt. 14)

## INTRODUCTION

This is a civil rights action filed under 42 U.S.C. 1983 by a state prisoner proceeding pro se. Plaintiff claims that defendants M. Sepulveda and J. Rhoads, doctors at Salinas Valley State Prison ("SVSP"), did not provide adequate medical care to plaintiff. The United States Marshal served defendant Sepulveda, but could not serve Rhoads because she was misidentified as "S. Rhoads." Defendant Sepulveda moves for summary judgment. Plaintiff opposed the motion, and Sepulveda has replied. For the reasons set out below, defendant Sepulveda's motion (dkt. 14) is **GRANTED** and the Marshal is ordered to serve defendant Rhoads.

## STATEMENT

The following facts are undisputed unless otherwise noted.

On March 12, 2008, while incarcerated at California Correctional Institution in Tehachapi ("CCI"), plaintiff was diagnosed with "impingement syndrome" and a suspected tear of the rotator

1  cuff in his right rotator shoulder (Compl.¶ 15). On May 21, 2008, plaintiff was sent to an outside
2  medical facility for arthroscopic surgery on his right shoulder (*id*. ¶ 17). Shortly after the surgery
3  was performed, plaintiff's shoulder began bothering him again. On March 16, 2009, plaintiff was
4  referred to an outside medical facility for reevaluation of his right shoulder by an orthopedic
5  surgeon. He claims that the surgeon suspected a tear to his right rotator cuff and recommended
6  another MRI. (*id*. ¶ 27).

7  In August or September of 2009, plaintiff was transferred to SVSP where he was treated
8  several times by defendant Rhoads for the pain in his right shoulder (*id.* ¶¶ 33-37). On October 13,
9  2009, plaintiff was taken to an outside orthopedic specialist, but left the appointment without
10 explanation after he did not consent to examination or treatment (Sepulveda Decl. ¶ 18, Exh. B,
11 AG0119). On February 16, 2011, as the staff was passing out medications, plaintiff learned that his
12 prescription for Ibuprofen had expired the night before (*id*. Exh. A, AG0003). Plaintiff filed an
13 administrative appeal on February 19, 2011, seeking new medication, a referral for an MRI, and
14 "new surgery A.S.A.P." (*ibid.*). C. Kwapinski, a nurse at SVSP, reviewed the appeal at first level
15 on March 14, 2011, and plaintiff told her that the surgery had made his pain worse and that a
16 previous cortisone injection "did not help" (Sepulveda Decl. Exh. A, AG0004). Nurse Kwapinski
17 recommended that plaintiff consult with his primary care provider regarding his medication
18 prescriptions and the MRI referral (*ibid.*). Plaintiff was seen by his primary care physician on April
19 1, 2011, where his prescription for Ibuprofen was renewed (Sepulveda Decl. Exh. B, AG0642 & C,
20 AG0004).

21 Defendant Sepulveda reviewed plaintiff's administrative appeal at the second level of
22 review, Sepulveda was the Chief Medical Officer ("CMO") at SVSP until 2010, when his position
23 was renamed Chief Medical Executive ("CME"). Sepulveda is licenced to practice medicine in
24 California, but in his capacity as CMO and CME he did not provide any direct medical care to SVSP
25 inmates (Sepulveda Decl. ¶¶ 1, 3). Rather, his duties were primarily supervisory and administrative
26 including reviewing medical appeals at the second level of review (*id.* ¶¶ 3, 4). At the second level
27 of review, plaintiff requested a prescription for Gabapentin, an MRI, and immediate surgery.
28 Sepulveda denied the appeal on April 13, 2011, finding that there was no need for Gabapentin, an

MRI referral or immediate surgery (*id.* ¶¶16, 19, 21).  Besides reviewing and denying plaintiff's appeal, Sepulveda had no other involvement in plaintiff's case.

An MRI of plaintiff's right shoulder was eventually taken in August of 2011, and doctors recommended that plaintiff undergo cortisone injections but did not find that surgery was necessary (Sepulveda, ¶ 20, Exh. C, AG0261).

Plaintiff filed suit in the Eastern District of California alleging violations of his Eighth Amendment rights by doctors at Tehachapi State Prison, and by defendants Sepulveda and Rhoads. The Eastern District severed the claims against Sepulveda and Rhoads and transferred to them to this court for venue reasons.  Plaintiff claims that defendants violated his Eighth Amendment rights by refusing to prescribe him Gabapentin, denying him a referral for an MRI, and not scheduling him for surgery.

**ANALYSIS**

A.   DR. SEPULVEDA

    1.   STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Ibid.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Ibid*.

2. ANALYSIS

First, Sepulveda moves for summary judgment on the claims against him in his official capacity. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). The Supreme Court has held that neither a state nor its officials acting in their official capacities are "persons" under 42 U.S.C. 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). A suit against a state official in his official capacity is not a suit against the official but rather a suit against the official's office, i.e., the state. *Ibid*. Accordingly, plaintiff's claims against defendant Sepulveda in his official capacity are barred by the Eleventh Amendment.

Plaintiff also sues Sepulveda in his personal capacity for being deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment, by denying his requests for Gabapentin, an MRI and for immediate shoulder surgery. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *See ibid.* A prison official is deliberately indifferent if she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Neither negligence nor gross negligence will constitute deliberate indifference. *Id.* at 835-36 & n.4.

The evidence establishes that defendant Sepulveda was not deliberately indifferent to plaintiff's medical needs when he refused to prescribe plaintiff Gabapentin. Plaintiff's claim is based solely on his disagreement with Dr. Sepulveda as to whether Gabapentin was medically necessary. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a Section 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). The evidence shows that in the opinion of Dr. Sepulveda, based on plaintiff's medical history and upon findings by the medical community, Gabapentin was not considered medically indicated for plaintiff's condition  (Sepulveda Decl. ¶¶10, 13, 14–17, Exh. B, AG0236,

4

1 AG0239, AG0639 and AG0642). Plaintiff presents no evidence from any medical doctor or any
2 other source in support of his disagreement with Sepulveda's opinion on the medical necessity of
3 Gabapentin for plaintiff's condition. Plaintiff's desire to be prescribed Gabapentin, without more,
4 does not create a triable issue of fact as to whether such prescription was medically necessary or
5 whether Sepulveda was deliberately indifferent in denying it.

6 Plaintiff also fails to establish that Sepulveda was deliberately indifferent in refusing plaintiff
7 a referral for an MRI. After reviewing plaintiff's medical history, Sepulveda denied plaintiff's
8 request for an MRI on the grounds no medical doctor had directly examined plaintiff and determined
9 that he needed an MRI (Sepulveda Decl. ¶ 19). Plaintiff alleges that approximately two years
10 earlier, on March 16, 2009, an orthopedic specialist (Dr. Lewis at Colonial Medical Group) wrote
11 that he was concerned that plaintiff may be suffering from an extended tear to his rotator cuff, and
12 recommended that an MRI be performed to evaluate such a possibility (Compl. ¶¶ 27, 28). Based on
13 this prior recommendation, plaintiff claims that Sepulveda knew or should have known that his
14 denial of an MRI created an unreasonable risk of harm to plaintiff. (Compl. ¶¶ 39, 43.) Notably,
15 plaintiff did not mention Lewis' recommendation or evaluation in the administrative appeal
16 reviewed by Sepulveda (Ans. 7).

17 Plaintiff's complaint about the MRI, like his complaint the Gabapentin, boils down to a
18 difference of opinion between plaintiff and Sepulveda over the medical necessity of an MRI. There
19 is no evidence that Dr. Lewis, or any other medical professional, ever recommended an MRI. Dr.
20 Lewis's recommendation for an MRI is simply alleged in the complaint; plaintiff does not submit
21 any document or declaration, either by himself or by Dr. Lewis, showing that such a
22 recommendation was in fact made. Because the complaint is not verified, the allegations in the
23 complaint cannot be considered evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-
24 11 (9th Cir. 1995).

25 Second, even if such evidence did exist it would not establish that Dr. Sepulveda was
26 deliberately indifferent to plaintiff's medical needs. A showing of nothing more than a difference of
27 medical opinion between doctors as to the need to pursue one course of treatment over another is
28 insufficient, as a matter of law, to establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d

5

1051,1058 (9th Cir. 2004). In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctor chose was medically unacceptable under the circumstances and that he or she chose this course in conscious disregard of an excessive risk to plaintiff's health. *Ibid*. A claim of mere negligence is insufficient to make out a violation of the Eighth Amendment. *Id*. at 1060-1061. Plaintiff fails to establish the existence of Dr. Lewis' alleged recommendation or that Sepulveda had any knowledge of such recommendation. Moreover, even if such documentation were in evidence it would merely establish a difference in medical opinion between Dr. Lewis and Dr. Sepulveda as to the appropriate course of treatment. Evidence of such a disagreement might be used to show that Sepulveda was wrong in his assessment, or even negligent, but it cannot reasonably establish deliberate indifference because, without more, it does not show that Sepulveda knew that plaintiff needed the MRI and nevertheless denied it. Therefore, there is no triable issue of fact that Sepulveda violated plaintiff's Eighth Amendment rights in denying his request for an MRI.

Finally, plaintiff fails to establish that defendant was deliberately indifferent in denying immediate shoulder surgery. Plaintiff offers no evidence to show that surgery was medically necessary, let alone that Sepulveda knew that to be the case. Indeed, the evidence in the record indicates the contrary: based on the results of an MRI taken that was eventually taken in August of 2011, doctors recommended that plaintiff undergo cortisone injections but did not find that surgery was necessary (Sepulveda, ¶ 20, Exh. C, AG0261). Because there is no evidence Sepulveda knew that plaintiff required surgery to his shoulder, there is no triable issue of fact as to whether he was deliberately indifferent to plaintiff's medical needs in denying surgery.

Plaintiff's medical records and the other evidence presented establishes that there is no genuine issue of material fact as to whether Sepulveda's denial of plaintiff's requests for Gabapentin, a referral for an MRI and shoulder surgery violated the Eighth Amendment. Consequently, defendant Sepulveda is entitled to summary judgment.

B.  DR. RHOADS

As noted above, Dr. Rhoads was not served because she was incorrectly identified as "S. Rhoads." Plaintiff's medical records indicates that her correct name is "J. Rhoads." Accordingly,

6

service will be ordered upon Dr. J. Rhoads.

## CONCLUSION

For the foregoing reasons:

1. Defendant Sepulveda's motion for summary judgment (dkt. 14) is **GRANTED**.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (dkt. 1) with all attachments thereto, a copy of the order of service (dkt. 9) and a copy of this order upon defendant **Dr. J. Rhoads** at **Salinas Valley State Prison**.

3. Defendant Dr. J. Rhoads **shall** file an answer that complies with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case:

    a. No later than **63 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

e. Along with their motion, defendants shall file proof that they served plaintiff the warning required by *Woods v. Carey*, No. 09-15548, slip op. 7871 (9th Cir. July 6, 2012), at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion without prejudice.

**IT IS SO ORDERED.**

Dated: May 21, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE