UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY HOLMES, | No. C13-1944 WHA (PR) |
| Plaintiff, | **ORDER DIRECTING PLAINTIFF TO SERVE OR PROVIDE LOCATION OF DEFENDANTS** |
| v. | |
| DR. M. SEPULVEDA, DR. J. RHOADS, | |
| Defendants. | |

This is a civil rights action filed under 42 U.S.C. 1983 by a state prisoner proceeding pro se. Plaintiff sued two doctors at Salinas Valley State Prison ("SVSP"), M. Sepulveda and J. Rhoads. Sepulveda's motion for summary judgment was granted. Initial efforts by the United States Marshal to serve the summons and complaint upon Rhoads were unsuccessful because she was misidentified as "S. Rhoads." The Marshal was directed to attempt service on Rhoads again at SVSP, where plaintiff indicated she was located. The Marshal filed a "Process Receipt and Return" form indicating that an attempt to serve Rhoads at SVSP was unsuccessful because she is not located there.

In cases such as this, where the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the Marshal to effect service, *see* Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a

plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Plaintiff's complaint has been pending for over 120 days. As a result, it is subject to dismissal without prejudice absent a showing of "good cause." *See* Fed. R. Civ. P. 4(m); *see also Walker*, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, plaintiff must either himself effect service on Rhoads, or submit to the court sufficient information to locate defendant Rhoads such that the Marshal is able to effect service upon her. Such information includes Rhoads's present location, and her first and middle names or initials. <u>If plaintiff fails to do so, or to show cause why he cannot, within **twenty-eight (28) days** of the date this order is filed, plaintiff's claims will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.</u>

**IT IS SO ORDERED.**

Dated: December 17  2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2